RICHARDS LAYTON & FINGER

Kelly E. Farnan
(302) 651-7705
farnan@rlf.com

March 26, 2021

**BY CM/ECF**
The Honorable Jennifer L. Hall
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re:    *UCB Pharma S.A. et al. v. Nektar Therapeutics*, C.A. No. 20-650-CFC-JLH

Dear Judge Hall:

    Pursuant to the Court's Order on March 19, 2021 (D.I. 43), Nektar Therapeutics ("Nektar") hereby submits its letter brief in support of its Motion to Strike Portions of UCB Pharma S.A. and Celltech R&D Limited's (collectively, "UCB") Invalidity Contentions. Sections VII (§112 defenses), VIII (obviousness-type double patenting) and V.E. (prior sale) of UCB's Invalidity Contentions are wholly inadequate and UCB's failure to comply with the Scheduling Order should result in the contentions being stricken. Sections VII, VIII and V.E should be stricken and UCB should be precluded from amending its contentions at this juncture. *See* D.I. 18, ¶ 3.

    Judge Connolly's procedures[1], as embodied in the Scheduling Order in this case, differ from both the Default Standard and the procedures of other Judges in this District. The requirement for contentions (not initial contentions) is explicit: "Unless otherwise agreed to by the parties, not later than December 23, 2020, a party alleging that a claim of a patent is invalid or not enforceable shall serve on all parties its 'Invalidity Contentions.' Amendment of the Invalidity Contentions may be made by order of the Court upon a showing of good cause." D.I. 18, ¶ 3. Despite several communications and a meet and confer, UCB has failed to demonstrate good cause to amend its deficient contentions and has failed to move the Court to do so. As a result, the Court should make clear that the deficient contentions are not in the case since they were not properly disclosed. *See MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341 YGR, 2014 WL 690161, at *6 (N.D. Cal. Feb. 21, 2014) (noting that contentions "must meet th[e] threshold of giving the other party sufficient notice for it to engage in meaningful discovery and preparation of its case").

    **I.**    **UCB Failed to Provide Critical Information Regarding Its Invalidity Defenses.**

    Pursuant to the schedule that it proposed and the Court adopted, UCB served its Invalidity Contentions on December 23, 2020, identifying numerous defenses that it intends to raise in its challenge to the patents-in-suit. Yet, for unexplained reasons that UCB continues to refuse to answer, UCB's contentions on its § 112 (Section VII), obviousness-type double-patenting (Section VIII) and prior sale (Section V.E.) defenses were woefully missing critical information that would permit Nektar to pursue discovery in this action.

---

[1] Judge Connolly's procedures are modeled off the Northern District of California Rules.

With respect to Section VII, UCB did not explain or state the factual basis for its legal assertion that the Nektar Patents are invalid pursuant to § 112. For example, UCB states that "[c]laim 1 of the '784 patent is invalid because the term 'substantially all of the unreacted di(1-benzotriazolyl) carbonate is substantially consumed' is indefinite" (Ex. A, UCB's Invalidity Contentions at 46), yet, makes no reference to the specification or how the claim term is supposedly indefinite. *See MediaTek Inc.*, 2014 WL 690161, at *6-7 (striking contentions which only identified a claim term as indefinite without providing further disclosures).

Section VIII of UCB's Invalidity Contentions provides only a bulleted list of claims and patents that UCB alleges render the Nektar Patents invalid for obviousness-type double patenting—but nothing else. *See* Ex. A at 49-52. UCB makes no attempt to provide an analysis of how the features of the Nektar Patents are not patentably distinct from its list of reference claims. *See Seoul Semiconductor Co., Ltd. v. Bed Bath & Beyond, Inc.*, No. CV 2:18-3837-SJO (SK$_X$), 2019 WL 3243724, at *2 (C.D. Cal. June 20, 2019) (applying N.D. California rules and striking contentions for failing to identify the manner in which each limitation of the asserted patent is met by a prior art reference).

In Section V.E, UCB fails to provide details of prior sales it alleges invalidate the Nektar Patents. The Scheduling Order requires UCB to include the specific item offered for sale, publicly used or known. D.I. 18, ¶ 3(a). Yet, UCB's Invalidity Contentions fall short of providing that disclosure. *See* Ex. A at 32-34. While UCB attempts to list prior Nektar sales of "PEG", UCB does not specify the *item* sold and does not provide specificity as to when the sale occurred. *Id.* The term "PEG" is not defined in UCB's contentions and is used interchangeably to refer to various different chemical compounds. Not all pegylated compounds are covered by the processes claimed in the Nektar Patents and mere reference to "PEG" is insufficient to identify the item offered for sale.

## II. UCB Has Provided No Intelligible Explanation for Withholding Information from Its Contentions and Acted in Bad Faith.

UCB defends its absence of support with a variety of excuses, none of which give any good cause explanation for withholding the information it was required to provide in December 2020.

With respect to its § 112 defenses in Section VII, UCB nonsensically states that it will include "supporting intrinsic evidence" for its § 112 argument as part of claim construction, but then goes on to note that the Court does not address indefiniteness arguments as part of claim construction. Ex. B, Feb. 9, 2021 Letter from E. Majchrzak to T. Mahmood at 3. The Scheduling Order governs the deadlines for this case. UCB cannot arbitrarily decide that it will provide the disclosure required on December 23, 2020—a deadline it proposed—at a later date of its own choosing. Moreover, UCB has not provided any intrinsic evidence support for allegations of indefiniteness in its claim construction exchanges. *See* D.I. 46 at 2.

With respect to Section VIII, UCB defends its glaring deficiency by alleging that "[t]he Scheduling Order does not expressly contemplate disclosure of obviousness-type double patenting

The Honorable Jennifer L. Hall
March 26, 2021
Page 3

contentions, or require any specificity with respect to such contentions." Ex. B at 4. This is plainly wrong. UCB is required to provide adequate disclosure for <u>all</u> grounds for invalidity or uneforceability. *See Intell. Ventures I LLC v. AT&T Mobility LLC*, No. CV 13-1668-LPS, 2017 WL 658469 at *2 (contentions must provide notice of theories beyond the mere language of the patent claim).

Finally, with respect to Section V.E, UCB excuses its inadequate contentions because discovery is "necessary due to [the] non-public nature of such sales and/or offers." *See* Ex. A at 33. UCB's excuse is plainly insufficient to justify its failure to disclose the information required under the Court's Scheduling Order. First, if discovery was necessary to adequately allege invalidating prior sales, UCB should have sought that discovery prior to serving contentions. During correspondence between the parties, it has become evident that UCB in fact withheld support for those alleged prior sales.[2] Ex. B at 2-3. Second, UCB's statement underscores the importance of UCB's failed disclosure. Without identifying the item sold, Nektar cannot determine with reasonable specificity what discovery UCB seeks regarding those sales. UCB's current contentions are insufficient and should be stricken; if UCB later identifies a factual basis for its claim, it can seek to meet the good faith standard and seek leave to amend its contentions.

Each of UCB's "excuses" for failing to comply with the Scheduling Order and its conduct since also show that UCB has acted in bad faith by willfully withholding information it has in its possession.

### III.   Nektar Continues to Suffer Prejudice and Such Prejudice Cannot Be Easily Cured

Nektar continues to suffer prejudice by expending resources to defend the validity of the patents under incomplete theories, and engaging in claim construction and fact discovery on that basis. The parties have exchanged discovery requests and substantial completion for document production is May 7, 2021. Claim construction briefing has already commenced and Nektar is unable to add any additional claim terms to be construed at this stage. UCB has proven unable to cure this prejudice, particularly given that it cannot show good cause under the Court's Scheduling Order, and has not provided any valid explanation for willfully not disclosing the basis behind its allegations in its invalidity contentions.

For the foregoing reasons, Nektar respectfully requests the Court strike Sections V.E, VII, and VIII of UCB's Invalidity Contentions.

Respectfully,

/s/ *Kelly E. Farnan*

Kelly E. Farnan (#4395)

cc:   All Counsel of Record (via CM/ECF)

---

[2] UCB cannot supplement its contentions through a letter. The Scheduling Order permits amendments to UCB's Invalidity Contentions only upon a showing of good cause to the Court.