**RICHARDS LAYTON & FINGER**

Kelly E. Farnan
(302) 651-7705
farnan@rlf.com

April 5, 2021

**BY CM/ECF**
The Honorable Jennifer L. Hall
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:   *UCB Pharma S.A. et al. v. Nektar Therapeutics*, C.A. No. 20-650-CFC-JLH

Dear Judge Hall:

Pursuant to the Court's Order on March 19, 2021 (D.I. 43), Nektar Therapeutics ("Nektar") hereby submits its responsive letter brief in opposition of UCB Pharma S.A. and Celltech R&D Limited's (collectively, "UCB") motion to compel Nektar to supplement its Responses to UCB's Invalidity Contentions at this juncture. D.I. 50. Specifically, UCB seeks to compel Nektar to respond to the same sections of UCB's Invalidity Contentions that Nektar seeks to strike for their failure to provide adequate notice. *See* D.I. 48. UCB's dispute was raised in reaction to Nektar seeking to move to strike; accordingly, it will be most efficient to resolve the parties' dispute in the context of Nektar's motion. If the Court grants Nektar's motion, there is nothing for Nektar to respond to.

As made clear by Nektar's Letter to Strike UCB's Invalidity Contentions filed on March 26, 2021 (D.I. 48), UCB's Invalidity Contentions did not provide adequate disclosure of its invalidity positions with respect to Section 112 defenses (Section VII), obviousness-type double patenting (Section VIII), and prior sales (Section V.E.). UCB appears to misunderstand its obligation to comply with the Local Rules in providing the disclosure of its invalidity positions in its contentions. The goal of invalidity contentions is to give adequate notice of the bases for asserting patent invalidity in a bid to guide fact discovery—not to merely provide a recitation of the legal standard of invalidity or to provide conclusory allegations. *See MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341 YGR, 2014 WL 690161, at *6 (N.D. Cal. Feb. 21, 2014) (noting that contentions "must meet th[e] threshold of giving the other party sufficient notice for it to engage in meaningful discovery and preparation of its case"). But that is all UCB has done in these sections of its invalidity contentions in this case, and now it seeks to compel a response to those conclusory allegations. Nektar did not respond in substance because it lacks the requisite information from UCB's contentions in order to provide responses.[1]

Contrary to UCB's assertions, Nektar does not seek "each and every piece of evidence" UCB expects to support its invalidity contentions, but Nektar is entitled to *some* evidence and explanation to justify UCB's good faith belief that the grounds UCB raises invalidate the Nektar Patents. UCB has provided *none*. In fact, because UCB provided additional evidence of the prior

---

[1] Of course, to the extent the Court does not strike sections VII, VIII, and V.E. of UCB's contentions, Nektar would supplement at the appropriate time when UCB has provided adequate disclosure of such defenses.

The Honorable Jennifer L. Hall
April 5, 2021
Page 2

sales it alleges invalidate the Nektar Patents in its response to Nektar's deficiency letter, it is clear that UCB has purposefully withheld evidence when it provided its contentions. *See* D.I. 48, Ex. B (referencing SEC filings never previously cited to as support for its positions regarding prior sales). This attempted supplementation of its contentions, without seeking leave to amend, is improper— UCB is required to comply with the Court's Scheduling Order by showing good cause for amending its contentions. Presently, UCB has failed to show any good cause, either to Nektar or to this Court, to justify supplementing its contentions. Absent that good cause, UCB is not entitled to amend its contentions, and UCB has never demonstrated in a meet and confer or otherwise how it would meet the good cause standard. D.I. 18, ¶ 3 ("Amendment of the Invalidity Contentions may be made by order of the Court upon a showing of good cause.").

Nektar's March 26, 2021 Letter makes clear the manner in which UCB's Invalidity Contentions are lacking and its bases for striking Sections V.E, VII, and VIII. *See* D.I. 48 at 1-2. Nektar cannot now be required to respond to invalidity positions in a vacuum by, for example, attempting to understand how UCB believes the claim term "substantially all" is indefinite, or by guessing how any of the claims in UCB's bulleted list are not patentably distinct from the claims of the Nektar Patents. *See Theranos, Inc. v. Fuisz Pharma LLC*, No. 11-CV-05236-YGR, 2012 WL 6000798, at *4 (N.D. Cal. Nov. 30, 2012) (staying a defendant's otherwise applicable discovery obligations in light of deficient infringement contentions).

With respect to prior sales, UCB has still failed to make clear what ***item*** is subject to the prior sale. In its March 26, 2021 Letter to the Court, UCB argues that "Nektar knows the products of those third parties that Plaintiffs believe incorporate the ***PEG reagents***." D.I. 50 at 3. This is not true as Nektar has explained to UCB—Nektar does not know what definition UCB uses for "PEG reagents." The term "PEG" encompasses thousands of different compounds and many pegylated compounds, including reagents sold to these third parties, fall outside the scope of the claims of the Nektar Patents and are therefore irrelevant to UCB's invalidity claims and this case. Nevertheless, Nektar has agreed to produce documents sufficient to show how the products sold to these third parties were manufactured. *See* Exhibit A. In short, UCB has no one to blame but itself for creating this situation, as it willingly withheld relevant information and arguments from its contentions that would have permitted Nektar to respond in accordance with the Court's Scheduling Order.[2]

For the foregoing reasons, Nektar respectfully requests the Court deny UCB's Motion to Compel Nektar Supplement its Responses to UCB's Invalidity Contentions.

Respectfully,

/s/ *Kelly E. Farnan*

Kelly E. Farnan (#4395)

---

[2] If, upon a showing of good cause, UCB is later permitted to amend its contentions to supplement its disclosures, Nektar may be in a better position to respond to them.

The Honorable Jennifer L. Hall
April 5, 2021
Page 3

cc:     All Counsel of Record (via CM/ECF)