# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347
———
(302) 658-9200
(302) 658-3989 FAX

ANTHONY D. RAUCCI
(302) 351-9392
araucci@morrisnichols.com

Original Filing Date:  March 26, 2021
Redacted Filing Date:  April 5, 2021

The Honorable Jennifer L. Hall                                **VIA E-FILING** – REDACTED -
Magistrate Judge                                                                     PUBLIC VERSION
United States District Court for Delaware
844 N. King Street
Unit 17, Room 3124
Wilmington, DE 19801-3555

    Re:    *UCB Pharma S.A. and Celltech R&D Limited v. Nektar Therapeutics,*
               C.A. No. 20-00650 (CFC) (JLH)

Dear Magistrate Judge Hall:

Plaintiffs respectfully request an order compelling Defendant Nektar to supplement its responses to Plaintiffs' Invalidity Contentions in accordance with its obligations under Judge Connolly's Standing Order and the Scheduling Order entered in this action.

    I.    Background

On May 15, 2020, Plaintiffs filed this action against Nektar for declaratory judgment that U.S. Patent Nos. 7,767,784; 8,193,306; 8,461,295; and 8,809,489 (the "Nektar Patents") are invalid. On December 23, 2020, Plaintiffs served their Invalidity Contentions.  Exhibit 1.  In relevant part therein, Plaintiffs assert[1] that the claims of the Nektar Patents are (a) invalid as anticipated due to sales and/or offers for sale made before the earliest priority date of the Nektar Patents; (b) invalid under 35 U.S.C. § 112; and (c) invalid for obviousness-type double-patenting.  *Id.* at §§ V. E., VII., VIII.  On January 29, 2021, Nektar served both its Responses to Plaintiffs' Invalidity Contentions ("Nektar's Responses," Exhibit 2) and a letter to Plaintiffs asserting that the Invalidity Contentions were deficient as to the above three invalidity bases, that it would move to strike these bases, and refusing to provide substantive responses (Exhibit 3).

The parties exchanged subsequent correspondence, including Plaintiffs' offer to supplement or amend the contentions to address Nektar's purported concerns, an offer steadfastly refused, and met-and-conferred on March 1, 2021, but were unable to resolve their disputes.

---

[1]    Plaintiffs have asserted other invalidity defenses not subject to this discovery dispute.

The Honorable Jennifer L. Hall
March 26, 2021
Page 2

II.     Argument

The Scheduling Order required Nektar to serve responses to Plaintiffs' Invalidity Contentions by January 29, 2021.  D.I. 18 at ¶ 5.  As to Plaintiffs' invalidity bases premised upon the on-sale bar, § 112, and obviousness-type double patenting, Nektar failed to meet this deadline.  Though Nektar contests their sufficiency, Plaintiffs properly disclosed the challenged invalidity bases per the Scheduling Order (*id.* at ¶ 3) and Plaintiffs will respond to any Nektar arguments concerning their sufficiency on April 5, 2021, consistent with this Court's Order. D.I. 43.  Nektar however has more than enough information to fulsomely respond to Plaintiffs' invalidity bases, yet chose not to respond <u>at all</u>, and Plaintiffs respectfully request that Nektar be compelled to do so.

A central theme behind Nektar's refusal to respond is its imposition of an inappropriately high standard for the level of detail required in invalidity contentions.  Nektar argues that Plaintiffs have "failed to meet their burden of proof" (Exhibit 2 (Nektar's Responses) at 56) and that it is inappropriate for Plaintiffs to provide a more detailed invalidity basis in expert reports (*id.* at 57-58).  But, at this early stage of discovery, it is premature for Nektar to demand Plaintiffs' factual and legal bases with specificity and finality, and Plaintiffs certainly need not meet their burden of proof now.  *See Novanta Corp., v. Iradion Laser, Inc.,* No. CV 15-1033-SLR-SRF, 2016 WL 4987110, at *8 (D. Del. Sept. 16, 2016) (granting Plaintiffs' motion to compel more sufficient answers to its contention interrogatories consistent with the Scheduling Order).  Nektar ignores that parties' invalidity theories will advance over the course of discovery—in fact, that is the very purpose of discovery. *Id.*  Plaintiffs need not set forth each and every piece of evidence that they expect will support their invalidity contentions at this early stage.  *See* Exhibit 4 (*Ethanol Boosting Systems, LLC et al. v. Ford Motor Company*, Civ. A. No. 19-196 (CFC), D.I. 45-1 (Ex. 3) at 51:11-18 (Apr. 22, 2019)).

Moreover, whereas Plaintiffs put Nektar on notice of their invalidity bases, Nektar did not respond in kind.  In fact, Nektar did not substantively respond <u>at all</u>.  Nektar's justification for not responding to the Invalidity Contentions because of an alleged failure by Plaintiffs is not only contradicted by the record, but improper.  *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc*., 707 F. Supp. 1429, 1440 (D. Del. 1989).

First, Nektar refuses to respond to Plaintiffs' on-sale bar contentions.  The on-sale bar prohibits an invention from being patented if it was sold more than a year before the patent filing.  It is highly likely that non-public information will be necessary to substantiate an on-sale bar, especially here where the patents claim a manufacturing process, which was likely executed by or licensed by Nektar outside of the public domain.  In its responses, Nektar provides a caselaw synopsis focused on the burden of proof, asserts that Plaintiffs "failed to prove" any commercial sales were made using the processes claimed in the Nektar Patents, and concludes therefore that it cannot respond.  *See* Exhibit 2 (Nektar's Responses) at 54-56.  In essence, Nektar argues that, though it is the only party to this litigation in possession of non-public, relevant information underlying the on-sale bar claim (especially as to *Nektar's* sales to *third parties*), Plaintiffs needed to be able to *prove* invalidity through the on-sale bar to even include the theory in their contentions.  Such a standard would vitiate the purpose of discovery.

The Honorable Jennifer L. Hall
March 26, 2021
Page 3

Through Plaintiffs' Invalidity Contentions, Nektar knows the identity of the third parties that, upon information and belief, Plaintiffs believe may have purchased products manufactured with the processes claimed in the Nektar Patents ("PEG reagents"). *See* Exhibit 1 (Invalidity Contentions) at § V. E (32-34). Nektar knows the products of those third parties that Plaintiffs believe incorporate the PEG reagents. *Id.* Further, Nektar is aware of the time frame—before the priority dates of the Nektar Patents—during which Nektar sold the PEG reagents to the third parties. *See id.* Thus, Plaintiffs' contentions provide precisely the information contemplated by Judge Connolly's Scheduling Order, which is more than enough information for Nektar to respond. *See* D.1. 18 at ¶ 3(a) (requiring that for any alleged sale, Plaintiffs specify the item offered for sale, the date the offer took place, and the identity of the person or entity which made and received the offer). Yet, to date, Nektar has not only refused to respond to Plaintiffs' contentions but has also refused to provide any discovery concerning prior sales identified by Plaintiffs. In its responses, Nektar could have, for example, explained how the manufacturing processes used in conjunction with those sales differs from those claimed in the Nektar Patents, or how the priority date of the Nektar Patents differs such that the prior sales are not relevant. But, Nektar did not do that, and its silence speaks volumes. Nektar should be compelled to respond.

Second, Nektar refuses to respond to Plaintiffs' contentions that the Nektar Patents are invalid under § 112. *See* Exhibit 1 (Invalidity Contentions) at § VII (45-49). Again, Nektar provides a caselaw synopsis focused on the burden of proof, states that Plaintiffs failed to satisfy the standard for contentions under the local rules and the Court's Scheduling Order and says it "has no information or argument to respond to." Exhibit 2 (Nektar's Responses) at 57. Not so. Plaintiffs identified the specific terms of the Nektar Patents that are invalid under § 112 and the specific bases, i.e. enablement, indefiniteness, etc., for invalidity. *See* D.I. 18 at 3(d) (requiring that Plaintiffs identify the grounds for any § 112(a) or (b) claims). Nektar takes issue with Plaintiffs' statement that "more detailed basis for UCB's Section 112 positions will be set forth in UCB's expert reports on invalidity," arguing that this is inappropriate and in direct opposition to the purpose of these Invalidity Contentions" (Exhibit 2 (Nektar's Responses) at 57-58); but, again, Nektar seems to believe that expert-report level content is required at the beginning of discovery. It is not. Nektar is on notice of Plaintiffs' § 112 claims and should respond.

Lastly, Nektar refuses to respond to Plaintiffs' contentions concerning obviousness-type double-patenting. Nektar argues that "Plaintiffs have failed to provide notice to Nektar of its basis and/or support for its obviousness-type double patenting allegations and, accordingly, Nektar has no information or argument to respond to." *Id.* at 59. Though not required to by the Scheduling Order (*see* D.I. 18 at 3), Plaintiffs disclosed their obviousness-type double patenting claims, identifying the non-asserted Nektar patents, and claims therein, which render claims of the Nektar Patents invalid. Nektar's protestations that it is not on notice of Plaintiffs' claims belie the evidence and it should respond.

   III.   Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court order Nektar to supplement its responses to Plaintiffs' Invalidity Contentions.

The Honorable Jennifer L. Hall
March 26, 2021
Page 4

                Respectfully,

                */s/ Anthony D. Raucci*

                Anthony D. Raucci (#5948)

Enclosures

cc:      All Counsel of Record (via e-mail)