## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UCB PHARMA S.A. and CELLTECH R&D LIMITED,<br><br>        *Plaintiffs*,<br><br>    v.<br><br>NEKTAR THERAPEUTICS,<br><br>        *Defendant*. | C.A. No. 20-650 (CFC) |

## DEFENDANT NEKTAR THERAPEUTICS'S OBJECTIONS TO MAGISTRATE JUDGE HALL'S APRIL 12, 2021 ORDER

OF COUNSEL:

Tiffany Mahmood
James Breen
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 813-8800

Elaine Herrmann Blais
Nicholas K. Mitrokostas
Daryl Wiesen
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

Dated: April 26, 2021

Kelly E. Farnan (#4395)
Valerie A. Caras (#6608)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
caras@rlf.com

*Attorneys for Defendant Nektar Therapeutics*

# TABLE OF CONTENTS

I.   INTRODUCTION ...........................................................................................1

II.  STANDARD OF REVIEW ...........................................................................1

III. FACTUAL BACKGROUND.........................................................................2

IV. ARGUMENT..................................................................................................4

   A.    The Scheduling Order in This Case Requires Detailed Contentions at the
Beginning of the Litigation....................................................................................4

   B.    Under This Court's Stricter Rules, UCB's Invalidity Contentions Are
Inadequate and Should Be Stricken ......................................................................6

V.  CONCLUSION.............................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AgroFresh Inc. v. Essentiv LLC*,
   No. 16-662-MN, 2019 WL 4917894 (D. Del. Apr. 23, 2019) ...........................1

*Finjan, Inc. v. Proofpoint, Inc. et al.*,
   No. 13-CV-05808-HSG, 2015 WL 1517920 (N.D. Cal. Apr. 2,
   2015) ...........................................................................................................5, 10

*Ironworks Pats. LLC v. Samsung Elecs. Co.*,
   No. 17-CV-01958-HSG(JSC), 2017 WL 4573366 (N.D. Cal. Oct.
   13, 2017) ...........................................................................................................8

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*,
   No. 14-CV-00876-RS(JSC), 2017 WL 5257001 (N.D. Cal. Nov.
   13, 2017) ...........................................................................................................6

*MediaTek Inc. v. Freescale Semiconductor, Inc.*,
   No. 11-CV-5341 YGR, 2014 WL 690161 (N.D. Cal. Feb. 21,
   2014) ...........................................................................................................5, 6, 7

*Seoul Semiconductor Co., Ltd. v. Bed Bath & Beyond, Inc.*,
   No. CV 2:18-3837-SJO (SKX), 2019 WL 3243724 (C.D. Cal. June
   20, 2019) ...................................................................................................6, 7, 8

*Theranos, Inc. v. Fuisz Pharma LLC*,
   No. 11-CV-05236-YGR, 2012 WL 6000798 (N.D. Cal. Nov. 30,
   2012) ...........................................................................................................8

**Statutes**

28 U.S.C. § 636(b)(1)(A) .........................................................................................1

**Other Authorities**

Fed. R. Civ. P. 72(a) ...............................................................................................1

## I.  INTRODUCTION

Explicitly deviating from the approach adopted by other judges in this District, this Court has adopted a process for contentions in patent cases in which the parties must disclose "invalidity contentions" early in the case, and those contentions can only be amended upon a showing of "good cause."  Contrary to that approach, Magistrate Judge Hall treated Plaintiffs UCB Pharma S.A. and Celltech R&D Limited's (collectively, "UCB's") contentions as "initial" contentions, holding them to a more lenient standard and failing to require good cause for amendment. That was an error of law.  If UCB's barebones contentions are deemed sufficient under the Scheduling Order to disclose invalidity theories, then this Court's Scheduling Order is effectively no different than the District's Default Standard for Discovery.  This Court should clarify the level of detail required by its Scheduling Order and strike UCB's deficient contentions.

## II.  STANDARD OF REVIEW

A Magistrate Judge's non-dispositive pretrial rulings may be overturned on review if they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).  A Magistrate Judge's factual findings are "clearly erroneous" if the Court is "left with the definite and firm conviction that a mistake has been committed."  *AgroFresh Inc. v. Essentiv LLC*, No. 16-662-MN, 2019 WL 4917894, at *1 (D. Del. Apr. 23, 2019).  Relevant here, a Magistrate Judge's order is "contrary

to law" if "the magistrate judge has misinterpreted or misapplied the applicable law."
*Id.*

## III.   FACTUAL BACKGROUND

On May 15, 2020, UCB brought this declaratory judgment of invalidity action against Nektar's U.S. Patent Nos. 7,767,784 (the "'784 patent"); 8,193,306 (the "'306 patent"); 8,809,489 (the "'489 patent"); and 8,461,295 (the "'295 patent") (collectively, "the Nektar Patents").  D.I. 2.  The Court entered a Scheduling Order requiring service of "Invalidity Contentions" on December 23, 2020.  D.I. 18, ¶ 3. The Scheduling Order also required leave of the Court upon a showing of good cause to amend or supplement the "Invalidity Contentions."  *Id.*  The Court's Scheduling Order differs in this respect from other scheduling orders entered in this District. This Court has stated it is "following essentially the California, Northern California rules, the local rules," in adopting a differing standard for contentions.  D.I. 50, Ex. 4, *Ethanol Boosting Sys., LLC v. Ford Motor Co.*, No. 19-196, Apr. 22, 2019 Hearing Tr. at 55:5-10 (D. Del.).

On December 23, 2020, UCB served its invalidity contentions alleging, among other grounds, that the Nektar Patents are invalid under 35 U.S.C. § 112 (Section VII) and the doctrine of obviousness-type double patenting (VIII).  D.I. 48, Ex. A.  Both of these sections failed to provide adequate notice to Nektar of UCB's invalidity positions.   Specifically, UCB's contentions under Section 112 merely

identify the claim terms that UCB contends are indefinite, lack written description, or are not enabled, and recite boilerplate legal standards.  D.I. 48, Ex. A at 45-49. UCB expressly states that these contentions are "exemplary" and that the "detailed basis" for them will not be provided until expert reports.  *Id.* at 45.  UCB's double patenting contentions merely include a bulleted list of patented claims UCB alleges invalidate the Nektar Patents.  *Id.* at 49-52.

On January 29, 2021, Nektar advised UCB that its contentions were inadequate and disagreed with their assertion that the Nektar Patents were invalid under either obviousness-type double patenting or § 112.  D.I. 50, Ex. 3, January 29, 2021 Letter from T. Mahmood to E. Majchrzak.   Following additional correspondence between the parties, it became evident that UCB had no plausible explanation for failing to provide Nektar with the information UCB was required to disclose under the Scheduling Order in its invalidity contentions.  *See, e.g.*, D.I. 48, Ex. B at 3-4.  To remove the cloud of these barebones contentions, Nektar moved to strike UCB's invalidity contentions.[1]   UCB also filed a motion to compel supplementation of Nektar's responses to UCB's contentions.  D.I. 50.  While UCB

---

[1] Nektar's motion to strike also sought to strike Section V.E of UCB's invalidity contentions, which relates to prior sales.  After filing its motion, the parties agreed to limit the scope of discovery regarding these sales upon further clarification from UCB.  Given the agreement between the parties, Nektar is not objecting to the Magistrate Judge's ruling regarding Section V.E of UCB's invalidity contentions.

refused to supplement, the parties exchanged discovery requests, concluded claim construction exchanges, and are in the process of claim construction briefing.

At the discovery conference held on April 12, 2021, Magistrate Judge Hall ruled that UCB's "*initial* invalidity contentions" provided adequate disclosure and denied Nektar's motion.   Apr. 12, 2021 Hearing Tr. at 22:10-16, 23:21-24:4 (emphasis added) (attached hereto as Exhibit B).   Judge Hall also granted in part UCB's motion to compel and ordered Nektar to supplement its responses regarding UCB's Section 112 contentions.  *Id*. at 25:16-26:4.  Judge Hall ordered Nektar to supplement its double patenting contentions, which Nektar would subsequently respond to.  *Id.* at 26:19-23.

## IV.   ARGUMENT

### A.   The Scheduling Order in This Case Requires Detailed Contentions at the Beginning of the Litigation

This Court's Scheduling Order does not allow for the service of "initial" invalidity contentions.   Instead, the Court requires the service of "Invalidity Contentions" that can only be amended with leave of the Court upon a showing of good cause.  D.I. 18, ¶ 3a.

This standard is stricter than that applied by other judges in this District. *Compare* D.I. 18 *with* Judge Leonard P. Stark, Model Scheduling Order in Patent Cases   (Non-ANDA),   ¶   7,   https://www.ded.uscourts.gov/sites/ded/files/LPS-PatentSchedOrder-Non-ANDA.pdf (last visited Apr. 26, 2021) ("Stark Model

Order"). Other scheduling orders entered in this District provide a deadline for *initial* invalidity contentions and a separate deadline for *final* invalidity contentions, and do not require a showing of good cause to amend contentions in the interim. *See* Stark Model Order, ¶¶ 7(d), 7(f). These other scheduling orders are modeled off the District's Default Standard, which provides for "initial" contentions that a party "shall be permitted to supplement." But that more lenient approach does not apply here.

In adopting the stricter approach, this Court was explicit that it was modeling contentions on the Northern District of California Local Rules. As with the Scheduling Order here, the Northern District of California requires a showing of good cause to amend invalidity contentions. *See* United States District Court Northern District of California, Local Patent Rules, ¶ 3-6, https://www.cand. uscourts.gov/rules/patent-local-rules/ (last visited Apr. 26, 2021). Applying that standard, courts in the Northern District of California have required that invalidity contentions provide sufficient notice to patentees, and have held contentions like those UCB submitted as inadequate. *See Finjan, Inc. v. Proofpoint, Inc. et al.*, No. 13-CV-05808-HSG, 2015 WL 1517920, at *1 (N.D. Cal. Apr. 2, 2015) (noting that contentions are served "early in the litigation" so as to provide "structure to discovery"); *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341 YGR, 2014 WL 690161, at *6-7 (N.D. Cal. Feb. 21, 2014). The Northern California

rules, as adopted here, "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *MediaTek*, 2014 WL 690161, at *1. And "[a]ny invalidity theories not disclosed" early and consistent with the rules "are barred, accordingly, from presentation at trial." *Id.*; *see also See Seoul Semiconductor Co., Ltd. v. Bed Bath & Beyond, Inc.*, No. CV 2:18-3837-SJO (SK$_X$), 2019 WL 3243724, at *2 (C.D. Cal. June 20, 2019) (applying N.D. California rules).

Here, Magistrate Judge Hall did not apply the correct legal standard to determine the sufficiency of UCB's invalidity contentions. Under the correct standard, UCB's invalidity contentions are inadequate and should be stricken.

## B. Under This Court's Stricter Rules, UCB's Invalidity Contentions Are Inadequate and Should Be Stricken

When viewed through the lens of the detail required by this Court, Sections VII and VIII of UCB's invalidity contentions fail to provide adequate disclosure and should be stricken.

Regarding UCB's invalidity contentions under Section 112, contentions that merely disclose the claim term and legal ground for invalidity are improper. *See Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS(JSC), 2017 WL 5257001, at *4 (N.D. Cal. Nov. 13, 2017) (striking invalidity contentions because the contentions only stated legal conclusions and no factual details of the allegations); *MediaTek*, 2014 WL 690161, at *6-7. Section VII of UCB's invalidity

6

contentions consist of conclusory allegations for why claims of the Nektar Patents are invalid under § 112 grounds, and do nothing more than recite the legal standard under section 112.  D.I. 48, Ex. A. at 45-49.  There is not even a single citation to intrinsic evidence.  For example, UCB alleged that "claim 1 of the '784 patent is invalid under 35 U.S.C. § 112 because the claim term 'substantially all unreacted di-(1-benzotriazolyl) carbonate is substantially consumed' is indefinite." *Id.* at 46.  The disclosure ends there and provides nothing more to explain its conclusion.  This disclosure would be no different than a patentee stating that "the accused products meet the [claim limitation]."  If such a disclosure would not be sufficient for a plaintiff patentee under this Court's Scheduling Order, UCB's disclosures cannot be sufficient for a plaintiff who affirmatively seeks to invalidate Nektar's Patents.  The entirety of Section VII consists of the same level of disclosure for each of its allegations; listing claim terms, the claims affected, and then concluding that they are either indefinite, lack written description, or not enabled.  *Id.* at 45-49.  As in *MediaTek*, UCB's Section 112 contentions fail to provide adequate notice to Nektar. *See MediaTek*, 2014 WL 690161, at *6-7 (striking invalidity contentions that merely listed the claim term and the legal ground for invalidity).

As for UCB's double patenting contentions, invalidity contentions should be stricken where the patent challenger merely provides a list of claims and alleges that those claims render the patents-in-suit invalid for double patenting.  *See Seoul*

*Semiconductor Co., Ltd. v. Bed Bath & Beyond, Inc.*, No. CV 2:18-3837-SJO (SK$_X$), 2019 WL 3243724, at *2 (C.D. Cal. June 20, 2019) (applying N.D. California rules in striking contentions where the defendant "made a blanket accusation of obviousness-type double patenting based on Plaintiffs' previous patent applications"); *Ironworks Pats. LLC v. Samsung Elecs. Co.*, No. 17-CV-01958-HSG(JSC), 2017 WL 4573366, at *2-3 (N.D. Cal. Oct. 13, 2017) (noting that "[v]ague statements" and "[c]atch-all-phrases" are insufficient for invalidity contentions); *Theranos, Inc. v. Fuisz Pharma LLC*, No. 11-CV-05236-YGR, 2012 WL 6000798, at *4 (N.D. Cal. Nov. 30, 2012) ("In patent litigation, vague and conclusory contentions are inadequate."). That is exactly what UCB has done in Section VIII of its invalidity contentions. D.I. 48, Ex. A at 49-52. UCB provides nothing more than a conclusory statement that the Nektar Patents are invalid for double patenting over a bulleted list of claims from other patents. This leaves Nektar to guess what aspect of each claim UCB contends is not patentably distinct from the corresponding Nektar Patent claim. Accordingly, UCB's double patenting contentions should also be stricken. *See Seoul Semiconductor*, 2019 WL 3243724, at *2. Judge Hall's ruling that UCB must "supplement its obviousness type double patenting contentions so we can get in writing what is alleged to be apparent" is contrary to law. Ex. B at 25:3-6. This ruling recognizes that UCB's theories are not

explicitly disclosed but that they should be "apparent" to Nektar.  That imposes an unfair standard on Nektar to correctly guess UCB's theories.

When challenged by Nektar on its contentions, UCB had no justification for its deficient contentions and steadfastly avoided seeking leave to amend and the "good cause" standard; this evidences bad faith.  Regarding Section 112, UCB claimed that it would "include the [additional] information, as necessary, in the claim construction exchanges to preserve its right to raise it at the appropriate time."  D.I. 48, Ex. B at 3.  But UCB failed to provide any such information during claim construction exchanges.  *See* D.I. 46 at 2.  And indeed, UCB has now made clear that it knows this Court's practice is not to consider indefiniteness arguments during claim construction.  *See* D.I. 48, Ex. B at 3; *see also* Ex. A, Pls.' Opening Claim Construction Br. at 6, n.3.  On the double patenting side, UCB's only excuse is that it was not required to disclose *any* contentions regarding double patenting and that UCB provided what it did as a mere "courtesy" to Nektar.  D.I. 48, Ex. B at 4.  That is wrong—all invalidity contentions must be disclosed.  Moreover, UCB has now shown that it possesses the additional information Nektar seeks but willfully hid it from Nektar when serving its contentions.  In its briefing, four months after its contentions were due and for the first time in this case, UCB provided some additional information regarding its double patenting contentions, information that

could have easily been provided on December 23, 2020.  D.I. 54 at 2-3, *see also* D.I. 54, Ex. 5.

This course of conduct highlights that UCB has acted in bad faith, which warrants striking UCB's contentions without leave to amend.  *See Finjan, Inc. v. Proofpoint, Inc. et al*., No. 13-CV-05808-HSG, 2015 WL 1517920, at *12 (N.D. Cal. Apr. 2, 2015).  UCB's willful withholding of its positions—despite that it has admitted that it could have provided adequate contentions at the outset—has prejudiced Nektar's ability to defend its patents.  For example, if Nektar had sufficient information regarding UCB's Section 112 allegations, Nektar could have taken affirmative claim construction positions to address them.  This Court should therefore grant Nektar's motion to strike, without leave to amend absent a later showing of good cause.  Once those contentions are stricken, the Magistrate Judge's contrary ruling that Nektar should supplement its validity contentions should be deemed denied as moot.

## V.    CONCLUSION

For the foregoing reasons, Nektar respectfully requests that the Court sustain its Objections to the Magistrate Judge's ruling regarding the sufficiency of UCB's invalidity contentions.  To the extent that Magistrate Judge Hall's interpretation of the Court's Scheduling Order was proper, Nektar respectfully requests the Court provide clarity on its standard for contentions.

OF COUNSEL:

Tiffany Mahmood
James Breen
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 813-8800

Elaine Herrmann Blais
Nicholas K. Mitrokostas
Daryl Wiesen
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

Dated: April 26, 2021

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Valerie A. Caras (#6608)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
caras@rlf.com

*Attorneys for Defendant Nektar Therapeutics*

11

**Certification of Word Count and Typeface**

The undersigned hereby certifies that Defendant Nektar Therapeutics's

Objections to Magistrate Judge Hall's April 12, 2021 Oral Order is less than 2,500

words. The undersigned also certifies that the foregoing document is typed in Time

New Roman, 14-point font.


*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)

12

**Standing Order for Objections Filed Under Fed. R. Civ. P. 72,
Paragraph 5 Certification**

The undersigned hereby certifies pursuant to Paragraph 5 of the Standing

Order for Objections Filed Under Fed. R. Civ. P. 72 that the objections raised in

Defendant Nektar Therapeutics's Objections to Magistrate Judge Hall's April 12,

2021 Oral Order do not raise new factual or legal arguments.


*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)