IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UCB PHARMA S.A. and <br> CELLTECH R&D LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> NEKTAR THERAPEUTICS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 20-650-CFC |

## **MEMORANDUM ORDER**

Defendant Nektar Therapeutics has filed objections (D.I. 62) to an oral discovery ruling made by the Magistrate Judge on April 12, 2021. In her ruling, the Magistrate Judge granted in part and denied in part Nektar's motion to strike portions of Plaintiffs' invalidity contentions and to preclude Plaintiffs from amending those contentions. I have reviewed the transcript of the Magistrate Judge's rulings and the parties' papers filed with the Magistrate Judge. There is no need for Plaintiffs to respond to the objections.

The Magistrate Judge had the authority to make these rulings under 28 U.S.C. § 636(b)(a)(A). I may reconsider the rulings only if "it has been shown that [they are] clearly erroneous or contrary to law." *Id.*

The Magistrate Judge's ruling cannot reasonably be characterized as clearly erroneous or contrary to law.

Nektar makes much of the fact that the Magistrate Judge referred to the challenged contentions as "initial contentions," but that is the name Plaintiffs gave to the contentions and the fact that Plaintiffs designated their contentions as "initial" does not mean that Plaintiffs can amend the contentions absent good cause. Nektar's request to preclude Plaintiffs from amending their contentions was premature and rightly denied by the Magistrate Judge.

I reject Nektar's contention that "[i]f [Plaintiffs'] barebones contentions are deemed sufficient under [my] Scheduling Order to disclose invalidity theories, then [my] Scheduling Order is effectively no different than the District's Default Standard for Discovery." D.I. 62 at 1. Plaintiffs' contentions were not "barebones." And I note in that regard that proving a negative (e.g., indefiniteness) is different than affirmatively establishing something (e.g., obviousness).

I agree with the Magistrate Judge's assessment of Plaintiffs' invalidity contentions. Nektar's objections are without merit.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' objections (D.I. 62) are OVERRULED.

5-3-21
Date

United States District Judge

2